UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARLON TROY DUMARCE,<br>Petitioner,<br>vs.<br>DOUGLAS WEBER, WARDEN; and MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br>Respondents. | 4:16-CV-04034-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on Marlon Troy Dumarce's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Dumarce is currently incarcerated at the Roberts County Jail in Sisseton, South Dakota. Pending is a motion to dismiss filed by respondents. See Docket No. 12. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. This court recommends Mr. Dumarce's petition be dismissed and respondents' motion be granted.

**FACTS**

On March 2, 2006, Mr. Dumarce pled guilty to one count of unauthorized possession of a controlled substance in Roberts County, South Dakota, and was sentenced to 10 years' imprisonment with three years

suspended. Docket 14-1. His judgment of conviction was filed on March 7, 2006. Docket 14-1. Mr. Dumarce filed a direct appeal but subsequently voluntarily dismissed it. Docket 14-2, 14-3, 14-4. On May 2, 2006, the South Dakota Supreme Court entered its order dismissing the appeal. Docket 14-5.

On February 16, 2007, Mr. Dumarce filed a state habeas petition. Docket 14-6. Counsel was appointed that same day to represent him. Docket 14-7. As with his direct appeal, Mr. Dumarce later sought to have his petition dismissed stating there was "no merit for my case." Docket 14-8. His counsel filed a motion to dismiss on February 20, 2008. Docket 14-11. The circuit court dismissed the state habeas case on March 25, 2008. Docket 14-15.

During this same time frame, Mr. Dumarce also sought a sentencing modification, which he filed February 20, 2008. Docket 14-9, 14-12. The circuit court issued an order granting a modification of Mr. Dumarce's sentence on May 20, 2008. Docket 14-14. Mr. Dumarce did not appeal from this decision. The time for appealing is 30 days.

Five years later, on July 15, 2013, Mr. Dumarce filed his second state habeas petition.[1] Docket 14-18. Attorney Thomas J. Cogley filed an amended petition on January 31, 2014. Docket 14-19. An evidentiary hearing was held on April 14, 2014. On July 2, 2014, an order denying habeas relief was entered. Docket 14-20. Mr. Dumarce's request for a certificate of probable

---

[1] Just as before, while his second state habeas petition was pending, Mr. Dumarce again filed a motion to correct or reduce his sentence on August 5, 2013. Docket 14-16. That request was denied by letter dated August 23, 2013, and which was filed on August 27, 2013. Docket 14-17.

cause was also denied. Docket 14-21, 14-22. On May 22, 2015, the South Dakota Supreme Court also denied a certificate of probable cause. Docket 14-23.

Mr. Dumarce then filed the instant federal petition in this court on March 3, 2016.[2] Docket 1. This court issued an order directing both parties to file pleadings addressing whether Mr. Dumarce's federal petition was timely. Docket No. 5. Mr. Dumarce filed three briefs in support of his petition. Docket Nos. 6, 11 and 15. Respondents now move the court to dismiss Mr. Dumarce's federal petition on the grounds that it is untimely. Docket Nos. 11 & 14.

**DISCUSSION**

**A. AEDPA Statute of Limitations**

Section 2244, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), contains a one year statute of limitations providing in relevant part as follows:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

[2] The Eighth Circuit has held that, "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). To invoke the prison mailbox rule, petitioner must file an affidavit or notarized statement that shows the date on which he delivered his pleading to prison authorities. Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001). The form that is used for § 2254 petitions contains a sworn averment at the end of the document stating the date that the petitioner put the petition into the prison mail system. See Docket No. 1 at p. 15. Mr. Dumarce swore that he placed his petition into the prison mailing system on March 3, 2016. Id.

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme

Court is ninety days. See Sup. Ct. R. 13.1; Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).

The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2244's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not "pending" for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally,

"[s]tate proceedings are not *pending* during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)) (emphasis added). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003). However, the AEDPA statute of limitations is *not* tolled during the time a federal habeas petition is pending. Duncan, 533 U.S. at 177-80.

**B. Application of the Limitations Period to Mr. Dumarce's Facts**

In making its motion to dismiss, respondents assume that the AEDPA's statute of limitations was tolled not only by the state habeas petition Mr. Dumarce filed in state court, but also by his motions to reduce his sentence. Even making this assumption, respondents argue the AEDPA statute of limitations had already run when Mr. Dumarce filed his federal habeas petition with this court.

AEDPA's statute of limitations is not tolled "merely because petitioner continues to file motions after the end of direct review." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005). Only a properly filed application for state post-conviction or other collateral relief will toll this limitation period. See 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in AEDPA's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available

after a conviction." Duncan, 533 U.S. at 177. Thus, AEDPA's tolling provision "applies to all types of state collateral review available after a conviction." Id. Filings that do not call for a decision or adjudication on the merits of petitioner's post-conviction claims for relief are not properly filed applications. Jackson, 452 F.3d at 736 (citing Woodford, 538 U.S. at 207). The court, for purposes of this opinion, assumes *without so holding* that Mr. Dumarce's motion for sentence reduction was also a properly filed application for state collateral review. Giving Mr. Dumarce the benefit of tolling for these two filings, his federal petition is still untimely.

Mr. Dumarce's initial judgment of conviction was filed on March 7, 2006. Docket 14-1. He filed a direct appeal but later voluntarily dismissed it. Docket 14-3. The South Dakota Supreme Court entered its order dismissing the appeal on May 2, 2006. Docket 14-5. Therefore, Mr. Dumarce's conviction became final 90 days later, on July 31, 2006.[3] Between July 31, 2006, when the AEDPA statute of limitations began to run, until February 16, 2007, when Mr. Dumarce filed his first state habeas petition (statutorily tolling AEDPA's limitations period), 200 days elapsed.

The AEDPA limitations period began to run once again on June 20, 2008, after the state court granted Mr. Dumarce's first motion for sentence modification and the 30-day appeal period for appealing that decision elapsed. The next event potentially tolling AEDPA's statute of limitations occurred five

---

[3] The court assumes, without so holding, that under these facts Mr. Dumarce is entitled to tolling for the 90-day period during which he could have, but did not, petition for certiorari to the United States Supreme Court.

years and one month later when Mr. Dumarce filed his second state habeas petition on July 15, 2013. The one-year AEDPA limitations period ran long before this date, so the second state habeas petition could not toll the AEDPA limitations period. There was nothing to toll at this point.

The one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Mr. Dumarce argues that he "had no recollection [of] the one year filing statute for the habeas corpus, still does not understand it completely." See Docket No. 11 at p.1. He claims he was looking into his case in prison and trying to figure out what should of and could have been done by the public defender who represented him. Id. However, ignorance of the law is not grounds for equitable tolling of AEDPA's statute of limitations. Everyone is presumed to know the law and is subject to the law, even *pro se* prisoners. Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)).

Furthermore, the fact that Mr. Dumarce was able to file three habeas petitions (two in state court, one here), gives rise to the presumption he could have done so in timely fashion. See Frazier v. Stickman, 389 F. Supp. 2d 623, 626 (E.D. Pa. 2005) (petitioner's claim of medical incapacity did not excuse

failure to comply with AEDPA deadline where petitioner had demonstrated his capacity to prepare and file state habeas petition and then failed to file his federal habeas petition for over sixteen months following the state petition); Santiago v. Miller, 180 F. Supp. 2d 471, 474 (S.D.N.Y. 2001) (petitioner's blindness did not excuse failure to comply with AEDPA deadline where petitioner was able to file two post-conviction motions in state court prior to missing the AEDPA deadline).  One of the requirements for application of the equitable tolling doctrine is that Mr. Dumarce pursued his rights diligently.  The five-year and one-month lapse between his first foray into post-conviction relief in state court and his second such attempt belies any assertion that he acted diligently in his behalf.

Mr. Dumarce does not allege that the state, or any other external factor beyond his control, operated to prevent him from filing his federal or state habeas petition sooner.  Accordingly, this court respectfully recommends that the district court dismiss Mr. Dumarce's § 2254 petition as untimely.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss [Docket No. 12] be granted and that Mr. Dumarce's petition for habeas corpus [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1),

unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED July 15, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge